**Zhu Qiang CHEN, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71443.

INS No. A76–280–047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 19, 2002.

Before SCHROEDER, Chief Judge, ALARCÓN and FISHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

**MEMORANDUM** \*

Zhu Qiang Chen has petitioned for review of the denial of his motion to reopen his removal proceedings so that he can apply for asylum proceedings based on an alleged change in the conditions in the People's Republic of China

("China") that occurred after his application for asylum was denied. We conclude that the petition for review must be denied because he failed to submit affidavits or other evidentiary material to support his motion as required pursuant to 8 C.F.R. § 3.2(c).

## I

Chen arrived at Guam on January 30, 1999. Because he did not possess a valid entry document or labor certification issued by the Secretary of Labor, Chen was ordered to appear before an Immigration Judge ("IJ") to show why he should not be removed from the United States.

At his removal proceedings, Chen admitted that he did not have a valid entry document or labor certification and conceded that he was subject to removal. On August 12, 1999, Chen filed an application for asylum and withholding of deportation. He alleged he had a well-founded fear of persecution because he and his family violated China's population control policies. After the hearing, the application was denied on November 2, 1999. The IJ ordered that Chen be removed to China.

Chen filed a timely appeal from the order of removal. The Board of Immigration Appeals ("BIA") dismissed the appeal on May 24, 2000. Chen did not file with this court a petition for review of the

of this circuit except as provided by Ninth Circuit Rule 36–3.

BIA's order of dismissal of the appeal from the order of removal.

## II

On July 16, 2001, Chen filed a motion to reopen before the BIA based on changed circumstances. Chen's counsel alleged in the motion that Chen had become a follower of Zhong Gong, a Chinese religious group that has been banned by the Chinese government. The motion does not state that Chen feared persecution if removed to China. The motion states that: "[s]upporting documents will be filed separately." Chen did not file any affidavits or evidentiary material to support his motion. The BIA denied the motion to reopen because it was untimely, and counsel's unsupported conclusions failed to "show materially changed circumstances in China."

## III

Chen contends that the BIA abused its discretion in concluding that he failed to show materially changed circumstances in China.

A motion to reopen must be filed before the BIA within ninety days of a final order. 8 U.S.C. § 1229a(c)(6)(C)(i), 8 C.F.R. § 3.2(c)(2). The ninety-day time limit is inapplicable to a motion to reopen to "reapply for asylum ... based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. 3.2(c)(3)(ii).

We review the denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Motions to reopen are disfavored because of the threat they pose to finality. A moving party bears a heavy burden in seeking to reopen immigration proceedings. *Id.* at

323, 112 S.Ct. 719. The Supreme Court stated in *INS v. Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), that "[g]ranting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." *Id.* at 143, 101 S.Ct. 1027 n. 5 (citing *Villena v. INS*, 622 F.2d 1352, 1362 (9th Cir.1980)).

Here, Chen failed to support his motion with any *evidence* that would establish a prima facie case. Chen failed to support his motion to reopen proceedings "by affidavits or other evidentiary material," as required by 8 C.F.R. § 3.2(c)(1).

Petitioner has attached materials to his brief concerning the treatment of Zhong Gong members in China. These materials were not presented to the BIA in support of the motion to reopen. We cannot rely on these materials in reviewing the BIA's exercise of its discretion. Our review is limited to the material submitted in support of the motion. 8 U.S.C. § 1252(b)(4)(A). The BIA did not abuse its discretion in denying the motion to reopen because it was not supported by "affidavits or other evidentiary material." *See INS v. Wang*, 450 U.S. at 139, 101 S.Ct. 1027 (holding that this circuit erred in "ignor[ing] the regulation which requires the alien ... to allege and support by affidavit or other evidentiary material the particular facts claimed to constitute extreme hardship").

## IV

Relying on *Watkins v. INS*, 63 F.3d 844 (9th Cir.1995), Chen maintains that the BIA abused its discretion by failing "to provide any explanation for its rejection of the motion." Because Chen failed to present any evidence of relevant factors, the

BIA was not required to provide an explanation any more detailed than it gave.

The Petition is DENIED.